**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 13, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

In re:

JOSE GUADALUPE
HERRERA-HERNANDEZ,

Movant.

No. 11-1428
(D.C. Nos. 1:10-CV-01809-REB
& 1:09-CR-00180-REB-1)
(D. Colo.)

---

**ORDER**

---

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

---

Jose Guadalupe Herrera-Hernandez, proceeding pro se, has filed a motion seeking authorization to file a second or successive 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. Mr. Herrera-Hernandez's first § 2255 motion is now pending in federal district court. *See United States v. Herrera-Hernandez*, No. 09-cr-00180-RE-1 (Doc. Nos. 26 and 27). His motion for authorization seeks to present all of the same claims as in his pending § 2255 motion, with the addition of a claim that he was unconstitutionally sentenced based on a drug quantity not admitted to or found by a jury.

Because Mr. Herrera-Hernandez seeks to present an additional claim, authorization is required under 28 U.S.C. § 2255(h). *See Ochoa v. Sirmons*, 485 F.3d 538, 541 n.3 (10th Cir. 2007) (per curiam) ("[Section] 2244(b) may not

be circumvented by injecting new claims into a habeas action even while it is still pending in the district court." (emphasis omitted)).  To obtain authorization, Mr. Herrera-Hernandez must make a prima facie showing that the new claim is based on newly discovered evidence or a new rule of retroactively-applicable constitutional law.  *See* §§ 2255(h)(1) and (2).  Mr. Herrera-Hernandez bases his drug-quantity claim on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which predates his conviction and, thus, does not constitute new retroactively-applicable constitutional law under § 2255(h)(2).

Because Mr. Herrera-Hernandez's proposed new claim does not meet the requirements for authorization under § 2255(h), his motion for authorization is DENIED.  This denial of authorization "shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari."  28 U.S.C. § 2244(b)(3)(E).

    Entered for the Court,

    *Elisabeth A. Shumaker*

    ELISABETH A. SHUMAKER, Clerk